IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARTHUR L. BUSTOS, as Wrongful
Death Personal Representative of the
Estate of MARGARET ROMERO,
Deceased, and for and on behalf of
RACHEL EMILE ROMERO, a minor
and assignee of LORISE MADRID,

                Plaintiffs,

vs.                                                       No. 07-CV-1300 JC/LFG

SENTRY SELECT INSURANCE
COMPANY, a foreign Corporation,
and HAMILTON BIG COUNTRY
FORD, INC.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion to Remand, filed January 25, 2008 (*Doc. 11*)("Motion"). The primary issue for resolution is whether Defendants have borne their burden to show that Defendant Hamilton Big Country Ford, Inc., was fraudulently joined to destroy diversity jurisdiction   Having considered the Motion, the parties' briefs and exhibits, the record, the relevant authority, and being otherwise fully advised, I find no fraudulent joinder. Accordingly, the Motion to Remand is granted.

**I.    Background**

This case was originally filed in the Fourth Judicial District, State of New Mexico, County of San Miguel, on November 13, 2007, by Arthur Bustos in his capacities as (1) Personal Representative of the Estate of Margaret Romero, deceased, and (2) on behalf of Rachel Emile

Romero, a minor and assignee of Lorise Madrid. Plaintiff alleges in this lawsuit that Defendants Sentry Select Insurance Company ("Sentry") and Hamilton Big Country Ford, Inc. ("Hamilton") unlawfully attempted to avoid liability for Hamilton's entrustment of a vehicle to an intoxicated person, Lorise Madrid, which resulted in a fatal motor vehicle collision. Specifically, Plaintiff asserts claims for Bad Faith Insurance Practices against Sentry (Count I); Violation of Unfair Insurance Practices Act and Unfair Trade Practices Act against Sentry and Hamilton (Count II); Breach of Contract against Sentry (Count III); Breach of Good Faith and Fair Dealing on the part of Hamilton to "tender the case to the insurer on her behalf, to insist that the insurer provide her with coverage and/or a defense, to notify the insurer and to keep the insurer apprized of developments in the case that might act to her prejudice," Complaint at ¶ 42, and seeking punitive damages (Count IV); and requesting a Declaratory Judgment against Sentry determining that Sentry breached its obligation to defend and indemnify Lorise Madrid and obligating Sentry to pay the judgment against Lorise Madrid in San Miguel District Court Cause No. D-412-CV-2007-00349[1] (Count V).

Defendants removed the case to this Court under 28 U.S.C. §1441(a) on December 26, 2007 (Doc. 2), invoking this Court's jurisdiction pursuant to 28 U.S.C. §1332(a) and relying on their contention that Defendant Hamilton was fraudulently joined in this action by Plaintiff to destroy diversity jurisdiction. Plaintiff presently moves for remand.

## II.   Legal Standard

A defendant may remove an action filed in state court to federal court if the federal court

---

[1] This separate lawsuit, evidently still pending in state court, involves, *inter alia,* claims for wrongful death resulting from the negligence of Ms. Madrid in operating a vehicle she was permitted by Hamilton to drive. *See* Ex. 2 to Notice of Removal (*Doc. 2*) at ¶¶ 9, 16.

would have had original jurisdiction over the case. 28 U.S.C. §1441(a).  28 U.S.C. § 1332(a) grants district courts original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and complete diversity exists.  "The presence in the action of a single plaintiff from the same state as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (2005).

Proper removal to federal court "cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.  If in such a case a resident defendant is joined, the joinder, even if fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent removal." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (internal citations omitted).  If the court finds such fraudulent joinder, diversity jurisdiction is intact and a motion to remand may be properly denied. *See Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967).

The burden is on the defendant to show fraudulent joinder. *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004).  Fraudulent joinder must be pleaded with particularity and proven with certainty. *McLeod v. Cities Service Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956).  The removing party must prove fraudulent joinder by demonstrating that there is no possibility that [the plaintiff] could establish a cause of action against [the joined party] in state court, though no bad faith on the part of the plaintiff need be alleged. *See Montano v. Allstate Indemnity*, 211 F.3d 1278 (unpub.). No. 99-2225, 2000WL 525592 at *2 (10th Cir., April 14, 2000).[2]

---

[2]Pursuant to 10th Cir.R.32.1, this unpublished opinion issued before 2007 is cited for its precedential value, which is appropriate because the Tenth Circuit has not articulated the

When evaluating a fraudulent joinder claim, the court is not limited to the pleadings and may, instead, consider the entire record and determine the basis for joinder by any means available. *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). All disputed facts should be resolved in favor of the plaintiff's choice of forum and the court should determine if there is any possibility of recovery against the party whose joinder is challenged as fraudulent. *See Montano*, No. 99-2225, 2000 WL 525592 at *2. Thus, if either of the two claims asserted against Hamilton might be viable in New Mexico state court, this case should be remanded. *See id.*

### III.   Discussion

Defendants rely almost entirely on the affidavit of Gary Hamilton, an officer of Defendant Hamilton Big Country Ford, Inc., to establish the fraudulent joinder. In so doing, Defendants distort the applicable legal standard. *See* Ex. A to Notice of Removal (*Doc. 2*). Gary Hamilton's affidavit denying any wrongdoing on the part of Hamilton highlights facts that are in dispute on the claims against Hamilton, and inappropriately states the legal conclusion that "[t]he claims in this lawsuit include claims against Hamilton that have no merit," but it does not establish that Plaintiff could not possibly recover on any claim in state court. Defendants state, without citation to legal authority, that "[t]he affidavit demonstrates there is no factual basis for a claim against Hamilton. It then becomes the burden of Bustos to show any support for the claims against Hamilton in this lawsuit." Response at 5. As noted by the *Montano* court, however, the standard is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6). *Montano*, No. 99-2225, 2000 WL 525592 at *2; *see also Batoff v. State Farm Ins. Co.*,

---

standard for consideration of a fraudulent joinder claim in a published opinion.

4

977 F.2d 848, 851 (3d Cir. 1992)("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.")(cited with approval by *Montano*).  Moreover, Defendants fail to discuss the elements of the claims and do not otherwise show how those claims "could not possibly prevail" in state court for lack of supporting evidence.

### A. Violation of Unfair Insurance Practices Act and Unfair Trade Practices Act against Sentry and Hamilton (Count II).

As far as Plaintiff's Count II allegations pertain to Hamilton, Plaintiff contends that Sentry and Hamilton "combined and conspired to place the fault and responsibility on Lorise Madrid, deny her a defense and indemnity, and reduce or eliminate the fault and responsibility of Hamilton Big Country Ford so as to save money and reduce or altogether avoid any payments by Sentry Select Insurance Company," and further that "Sentry...and Hamilton...used exaggeration, innuendo or ambiguity as to a material fact or failed to state a material fact when doing so deceived or tended to deceive in order to accomplish their purpose."  Complaint at ¶¶ 26, 27.

A civil conspiracy is a "combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Las Luminarias of the N.M. Council of the Blind v. Isengard*, 92 N.M. 297, 300, 587 P.2d 444, 447 (Ct. App. 1978). "The purpose of a civil conspiracy claim is to impute liability to make members of the conspiracy jointly and severally liable for the torts of any of its members." *Ettenson v. Burke*, 2001 NMCA 3, P12, 130 N.M. 67, 17 P.3d 440.  Civil conspiracy consists of showing "(1) that a conspiracy between two or more individuals existed; (2) that specific wrongful acts were carried out by the defendants pursuant to the conspiracy; and (3) that the plaintiff was damaged as a result of such acts." *Silva v. Town of Springer*, 1996 NMCA 22, P25, 121 N.M. 428, 912 P.2d 304.  Defendants

have offered no reason, save Hamilton's self-serving denial of the factual allegations in the Complaint, why Plaintiff could not possibly prevail on this civil conspiracy claim in state court. Accordingly, Defendants have failed to meet their burden to show fraudulent joinder.

### B. Claim Splitting

Finally, citing to *In Re Richards*, 127 N.M. 716, 720 (1999), Defendants contend that Plaintiff violates the rule against claim splitting "attempting to divide his claims against Hamilton." Resp. at 6. Defendants state that "[a]ll of the claims made in the Bad Faith lawsuit against Hamilton arise from the same accident and the same set of facts which Bustos claims to establish liability in the second lawsuit. The recitation by Bustos of all the facts which show the conduct of Hamilton in relation to the wrongful death lawsuit is strong evidence that Bustos may not divide his claims between the two lawsuits." *Id.* The Court disagrees.

First, it is clear from a review of the pleadings in this case that the background facts are just that--background. Defendants' suggestion that Plaintiff's recitation of background facts dictates a determination that impermissible claim splitting is afoot proves wholly unpersuasive. This is particularly true where the bad faith events alleged in this lawsuit undeniably and necessarily occurred entirely after the fatality events giving rise to the wrongful death action. Second, Defendants never tie this argument to the issue actually before the Court on this Motion. Presumably, Defendants would urge a finding that the claims have been impermissibly split, from which the Court would then infer that Plaintiff split the claims to destroy federal jurisdiction, an inference that would bolster Defendants' significantly unsupported contention of fraudulent joinder. The Court will draw no such inferences to assist Defendants in discharging their burden.

### IV. Conclusion

Defendants have failed to meet their burden of showing that Defendant Hamilton was fraudulently joined in this lawsuit. Hamilton's presence destroys complete diversity of citizenship. Therefore, this Court never enjoyed subject matter jurisdiction over this matter. Accordingly, it must be remanded to state court.

WHEREFORE,

**IT IS ORDERED** that Plaintiff's Motion to Remand, filed January 25, 2008 (*Doc. 11*) is **GRANTED** and this case is hereby remanded to the Fourth Judicial District Court, State of New Mexico, County of San Miguel.

Dated May 28, 2008.

s/John Edwards Conway

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:

    Robert M. Ortiz, Esq.
    Albuquerque, New Mexico

Attorney for Defendants:

    Gregory L. Biehler, Esq.
    Albuquerque, New Mexico